IN THE UNITED BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Coast to Coast Cellular, Inc., | Case No. 15-70602 |
| Debtor | Chapter 7 |

**CREDITOR LONTA TOWNSEND'S MOTION FOR
CLARIFICATION OF ORDER DATED NOVEMBER 24, 2015**

Creditor, Lonta Townsend, by undersigned counsel, files this Motion for Clarification of Order Dated November 24 2015, and in support states as follows:

1. On or about December 14, 2014, creditor Lonta Townsend ("Townsend") filed an action in the United States District Court for the Western District of Pennsylvania at Civil Action No. 3:14-267 against Debtor, Coast to Coast Cellular, Inc. ("Debtor") as well as its President, J. William Riner and its Vice President, Saul Glosser, alleging violations of the Pennsylvania Wage Payment and Collection Law and breach of contract ("the Lawsuit").

2. On October 21, 2015, Townsend filed with this Court a Motion for Relief of Automatic Stay (Docket Entry 26).

3. Thereafter, the U.S. Trustee consented to relief from the automatic stay of the Lawsuit, given that an insurance policy covers Debtor's costs of defense in the Lawsuit. On November 23, 2015, the Trustee filed with this Court a proposed Consent Order (Docket Entry 50) which would "allow Mr. Townsend to proceed in his lawsuit against Debtor to the extent of its available insurance, as well as for the purpose of quantifying Mr. Townsend's claims for the purpose of submission of an accurate Proof of Claim should insurance coverage be insufficient to liquidate any portion of his claims." Additionally, the Consent Order provided: "In the event that defense fees and costs are not reimbursed by the Debtor's insurance policy, the automatic stay shall be reinstated and the litigation in the District Court shall be stayed."

4. On November 24, 2015, this Court signed the Consent Order (Docket Entry 52).

5. Following the issuance of the Consent Order, Townsend completed discovery in the Lawsuit.

6. On April 12, 2016, Townsend and Debtor's counsel in the Lawsuit, Manning J. O'Connor, attended a post-discovery status conference before the Honorable Kim R. Gibson.

7. During that conference, Debtor's counsel took the position that the Consent Order did not permit Townsend to proceed to trial. Townsend's counsel, on the other hand, stated that the Order permitted Townsend to proceed in the Lawsuit as long as insurance costs of defense remain available, and that nothing in the Order prohibits a trial.

8. Judge Gibson gave the following response, which he then memorialized in a Conference Memo (Exhibit 1 hereto):

> the Court stated that it does not wish to take action that was not encompassed in Chief Judge Deller's order. The Court therefore suggested that Attorney Elzer, Attorney O'Connor, and any appropriate counsel in the bankruptcy litigation, including the trustee, schedule a status conference with Chief Judge Deller. The Court requested that the parties provide it with Chief Judge Deller's guidance in written form.

9. Townsend's counsel then conferred with the Trustee's counsel. Townsend and the Trustee agree that the Consent Order permits Townsend to proceed in the Lawsuit to trial and through appeal, if necessary, as long as Debtor continues to be covered by an insurance policy that pays its costs of defense.

10. Debtor has not exhausted its insurance limit on costs of defense. As such, Townsend and the Trustee agree that he can proceed with the Lawsuit through trial and appeal.

11. Given that Debtor's counsel in the Lawsuit and Judge Gibson apparently believe that this Court's Consent Order is not clear regarding whether Townsend may proceed further with the litigation, Townsend requests that the Court issue an order clarifying that Townsend

may proceed through trial and appeal, as long as insurance proceeds remain available to cover costs of defense.

    12.    A proposed Order is attached.

                                              Respectfully submitted,

                                              **ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

355 Fifth Avenue, Suite 900-9
Pittsburgh, PA 15222
(412) 230-8436

Attorney for Creditor/Movant
Lonta Townsend

**CERTIFICATE OF SERVICE OF MOTION OF CREDITOR LONTA TOWNSEND FOR RELIEF FROM AUTOMATIC STAY**

      I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below on April 19, 2016.

Eric E. Bononi
20 North Pennsylvania Avenue
Greensburg, PA 15601
Bankruptcy@bononilaw.com

David K. Rudov
Rudov & Stein, PC
100 First Avenue, Suite 500
Pittsburgh, PA 15222
drudov@rudovstein.com

Scott M. Hare
437 Grant Street #1806
Pittsburgh, PA 15219
scott@scottlawpgh.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

      The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was electronic notification.

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157